## John Greenwood v. The State.

1. CONTINUANCE. — Diligence in securing the attendance of a desired witness is in the highest degree essential to the sufficiency of an application for a continuance, and the continuance should invariably be refused when, as in this case, the want of diligence amounts to pure negligence. See the opinion *in extenso* for state of case wherein no degree of diligence was exercised.

2. NEW TRIAL. — The refusal of the trial court to grant a new trial upon the ground of error in refusing the accused a continuance is not cause for new trial when it appears that the continuance was properly refused because of the failure of the accused to exercise due dilligence in securing the attendance of an absent witness.

APPEAL from the District Court of Parker. Tried below before the Hon. A. J. Hood.

The indictment charged the defendant with the murder of Jack Rush, in Parker County, Texas, on the fourteenth day

of May, 1880.   The trial resulted in a verdict of guilty of murder in the first degree, and his punishment was assessed at confinement in the State penitentiary for life.   An outline of the case is given in the report of the case of *Burton* v. *The State*, *ante*, p. 606, indicted and convicted for the same offence.

*Watts & Cowart*, for the appellant.   Appellant, John Greenwood, was indicted by the grand jury of Parker County for the murder of Jack Rush.   The killing is charged to have been done on the fourteenth day of May, 1880. William M. Burton and Walter Burton were each indicted separately for the same offence.

The case against the appellant was called for trial on the thirteenth day of September, 1880, at which time he presented an application for a continuance for the want of the testimony of one George Butts, showing the diligence used to secure his attendance, and also stating the facts he expected to prove by the witness.   The application was overruled by the court and appellant forced to trial.   The point was saved by bill of exceptions.   The appellant was convicted of murder in the first degree, and his punishment assessed by the jury to be imprisonment in the penitentiary for life.   A motion for new trial was made and overruled, to which appellant excepted, and in open court gave notice of appeal to the Court of Appeals, and assigned in substance the following errors : —

First.   The court erred in overruling appellant's application for a continuance.

Second.   The verdict of the jury is not sustained by the evidence.

Third.   The court erred in overruling appellant's motion for a new trial.

1. We respectfully submit that the application for a continuance is in strict compliance with the statute ; that it showed due diligence, and also that the testimony sought to

be obtained thereby was material to the defence; and that the overruling of the same was an error for which the judgment should be reversed. *Hatch* v. *The State*, 6 Texas Ct. App. 384; *Black* v. *The State*, 1 Texas Ct. App. 368; *Noftsinger* v. *The State*, 7 Texas Ct. App. 322; *Barnes* v. *The State*, 41 Texas, 351; *Hamby* v. *The State*, 36 Texas, 523; Burrill on Cir. Ev. 520.

2. We respectfully submit that an impartial consideration of the testimony adduced upon the trial tends to establish diverse and conflicting conclusions. Some of the circumstances tend strongly to establish appellant's participation in the crime, while other circumstances in the case tend strongly to establish that some other person or persons did the killing. The tracks followed from near Kate Lowe's house south to Fort Worth Street are, it seems, identified with reasonable certainty as the tracks of appellant and William M. Burton. The persons who made these tracks were in a walk, and it does not appear with any certainty at what time the tracks were made; whereas the evidence introduced, both by the State and defendant, shows that immediately after the shot was fired two or more persons were heard running from the direction of Kate Lowe's, going west towards North Main Street. Again: an examination of the evidence shows that appellant and William M. Burton were seen quite or nearly all the time during the night on North Main Street, and about the Paragon Saloon; whereas Kate Lowe, witness for the State, says that two or three persons were watching around and about her house that night; that she heard them several times, and on one occasion she was near enough to order them off, but that she did not know them. She says that she was acquainted with appellant and William M. Burton. This testimony, it seems to us, all tends to show that some other persons, and not the appellant and Burton, did the killing. And this conclusion is materially strengthened when we consider that there was no motive or cause shown upon the part of appellant to assassinate Jack

Rush.    We respectfully submit that the testimony does not sustain the verdict and judgment, and for that reason this cause should be reversed and remanded.    *Harrison* v. *The State*, 6 Texas Ct. App. 42 ; *Rodriguez* v. *The State*, 5 Texas Ct. App. 261 ; *Jones* v. *The State*, 4 Texas Ct. App. 436 ; *Hatch* v. *The State*, 6 Texas Ct. App. 384 ; Burrill on Cir. Ev. 737–739.

3. The evidence adduced upon the trial clearly showed . the materiality of the testimony sought to be obtained by the application for a continuance.    That evidence would have tended strongly to support and sustain the testimony of J. H. Greenwood and E. L. Greenwood, and also John Guy, the butcher, to the effect that appellant was in bed at home when the shot was fired that killed Jack Rush ; and, in turn, the testimony of said witnesses supports and sustains the truth of the testimony of the witness Betts, sought by the application for a continuance ; and for the reasons aforesaid the court erred in overruling appellant's motion for a new trial.    *Cooper* v. *The State*, 19 Texas, 449 ; *Robertson* v. *The State*, 6 Texas Ct. App. 669 ; *Cox* v. *The State*, 5 Texas Ct. App. 118 ; *Richardson* v. *The State*, 2 Texas Ct. App. 322.

*Thomas Ball*, Assistant Attorney-General, for the State.

HURT, J.    The appellant was convicted of murder of the first degree, and his punishment assessed at confinement in the penitentiary for life.

There are but two questions presented for our consideration :  1. Was there error in the action of the court below in overruling defendant's motion to continue?    2. Did the court err in overruling the motion for a new trial?

By an examination of the record, we find that the subpœna was issued and served on the 21st of August; that the case was reached on the 25th, and was then set for the 8th of September ; that on the 8th of September the de-

fendants severed, W. M. Burton being put on trial, who was jointly indicted with appellant; and that *this* case was called and the trial commenced on the 13th of September. Now, by the motion it appears that the witness remained in the county up to the 5th of September, and that appellant learned on the 13th (the day the trial began) that witness had left on the 5th for Cooke County. It does not appear that the witness was at court either on the 25th of August or on the 8th of September. The plainest principles of diligence require that the defendant should have looked to this matter, and if the witness (though served) was not present at either of these times, to have had an attachment issued for him. If this course had been pursued on the 25th (the witness then being in the county, and remaining there until the 5th of September), the probabilities are that the witness would have been attached, and his attendance at the trial secured. If these steps had been taken at any time from the 25th until the 5th, the same result very likely would have been obtained. It is true that an attachment on the 8th of September would have been too late to have caught the witness in that county (the witness having left on the 5th); yet, if sent to Cooke County on the 8th, the officer could have probably attached and returned with the witness by the 13th of September. But it may be urged that defendant learned first on the 13th of the departure of the witness for Cooke County. To this it is replied that if defendant had used diligence on the 25th of August and the 8th of September, he in all probability would have been successful with his attachment, or learned of his absence or whereabouts before the 13th. The motion fails to show any inquiry for the witness on the 25th, or at any other time up to the 13th, the day of trial. This, to us, shows the highest degree of negligence. The court did not err in overruling the defendant's motion to continue the case.

The next question for our decision is, " Did the court below err in overruling appellant's motion for a new trial? "

There are but two grounds urged by appellant in this motion: 1. The action of the court below in overruling his motion to continue. 2. That the evidence fails to support the verdict of the jury.

The motion for a new trial was for the testimony of *but one* witness — to wit, Butts. The appellant failing to use *proper diligence* to secure his attendance, the court below acted correctly in regard to said motion, and, if properly overruled upon that ground, the action of the court cannot be made the basis for a new trial.

The remaining ground of the motion is, " Does the evidence support the verdict of the jury?" After having given the statement of facts a most thorough inspection, we are of the opinion that the evidence adduced and the case as made by the facts in *this case*, as *shown by the record*, amply support the verdict.

The counsel, neither in argument nor in their very able and earnest brief, have called in question the charge of the court; nor, indeed, is it susceptible of just criticism, it being a most excellent application of the law to the facts and nature of the case.

There being no errors apparent of record, the judgment of the court below must be affirmed, which is accordingly done.

*Affirmed.*